OPINION
{¶ 1} Defendant-appellant, Terry A. Smith, pled guilty to a fourth-degree felony charge of operating a vehicle while intoxicated in violation of R.C. 4511.19(A)(1)(a). The trial court, citing R.C. 2929.14(C) and (E), imposed a maximum 30-month prison term and ordered that it be served consecutive to an 18-month term that the court imposed for a community control violation in another case.
 {¶ 2} On appeal, appellant presents one assignment of error which claims that the trial court erred by imposing a maximum and consecutive term of imprisonment.
 {¶ 3} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court held that portions of Ohio's statutory sentencing scheme were unconstitutional. Among the statutes found unconstitutional were R.C. 2929.14(C), concerning the imposition of a maximum prison term, and R.C. 2929.14(E)(4) and 2929.14(A), governing the imposition of consecutive prison sentences. Id. at ¶ 83, 97-99. The Foster court severed these sections from the sentencing code and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id. at ¶ 104. Because the trial court utilized R.C. 2929.14(C) and (E) to impose a maximum and consecutive sentence, we must remand this case for resentencing consistent with Foster.
 {¶ 4} Appellant's sole assignment of error is sustained.
 {¶ 5} The judgment of the trial court is reversed as to sentencing only and the case is remanded for resentencing.
Powell, P.J., and Walsh, J., concur.